TAYLOR *vs.* PENROSE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An appeal lies from an order of court, refusing to allow the defendant to bond property which has been sequestered, and also from the refusal to set aside an order of sequestration.

But where the defendant is sued to deliver the possession of a gang of slaves, and they are sequestered at the inception of the suit, he will not be allowed to select a portion and bond them, leaving the rest in the hands of the officer.

This is an action to recover from the defendants the amount of hire, and the possession of a gang of negroes, which the plaintiff conveyed to them in February, 1833, under a conditional contract.

On the 9th February, 1836, this suit was instituted on the ground, that the defendants had failed to comply with the terms of the agreement, and were largely in arrears for the hire of the slaves. The plaintiff prayed that the slaves be sequestered during the pendency of the suit. Penrose, one of the defendants, made application to the court to bond twenty-one out of more than one hundred slaves, which were sequestered. On hearing the application, the court refused it, and the defendant, Penrose, alone appealed.

*Strawbridge, Harrison* and *Conrad,* for the plaintiff.

*Gray* and *Preston, contra.*

*Carleton, J.,* delivered the opinion of the court.

This action is brought upon a contract purporting to be a conditional sale of a number of slaves for five years, at a stipulated price per annum, which plaintiff reserved the right of receiving in sugar at four cents per pound.

The contract contains various other stipulations, among which are, that the slaves should remain on defendant's plantation in the parish of Plaquemine, and that they (the defendants) should purchase them at certain prices, if the plaintiff should agree thereto in writing.

The petitioner avers, that their hire has not been paid according to agreement ; that they have been removed from the plantation in violation thereof, and prays for the rescission of the contract, and the sequestration of the slaves. They were accordingly sequestered ; whereupon, and before issue joined, one of the defendants, Penrose, applied to the court to bond twenty-one of them, while the plaintiff, on his part, sought to bond them all.

The court ordered the whole number to be delivered up to the plaintiff, on his giving bond in the sum of eighty thousand dollars, and refused the application of Penrose, to bond a part of them.

From this refusal Penrose appealed, and this involves the only point presented for the decision of this court. No appeal was taken from the order rendered in favor of the petitioner.

An appeal lies from an order of court, refusing to allow the defendant to bond property which has been sequestered, and also from the refusal to set aside an order of sequestration.

Plaintiff's counsel has made a motion before this court to dismiss the appeal, on the ground that the refusal is not a final judgment but an interlocutory decree, which works no irreparable injury, and is not, therefore, appealable from.

This court has, more than once, determined that an appeal would lie from a refusal to set aside an order of sequestration, on the ground that it might cause an irreparable injury. It

But where the defendant is sued to deliver the possession of a gang of slaves, and they are sequestered at the inception of the suit, he will not be allowed to select a portion and bond them, leaving the rest in the hands of the officer.

appears to us, that a refusal to permit the defendant to bond property which had been taken out of his possession, might work equal mischief, and ought, therefore, to be equally the subject of appeal.

But we are clearly of opinion, the court did not err, in refusing to permit the defendant to bond a part only of the slaves ; otherwise he might have selected the most effective, and left the young and old a burden and expense upon the plaintiff. Moreover, the other defendants, in such case,

might have claimed the same right, and have thus split up the contract, and increased litigation, by compelling the the plaintiff to bring as many suits as there were bonds.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.