## No. 9681.

### JOHN B. LALLANDE VS. A. W. CRANDELL.

When the judge has granted an order authorizing the defendant to release writs of attachment and sequestration on bond, which order has not been executed, he may order the suspension of its execution until hearing of the parties, when he discovers reason to believe that it was improvidently granted.

Nothing in the law prevents a defendant from releasing the crop gathered and ungathered on a plantation by giving a bond for one-half more than its value, without being under the necessity of bonding the plantation which was also attached. The right of defendant in attachment to bond should be favored, as mitigating the harshness of the remedy and as restoring the property to commerce or to use.

APPEAL from the Eighth District Court, Parish of Madison. Delony, J.

*Stone & Murphy* and *W. S. Benedict* for Plaintiff and Appellee.

*A. L. Slack* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Lallande, claiming to be a creditor of the defendant for about $11,000, brought suit therefor, and took out simultaneously writs of sequestration and attachment.

Under the sequestration the sheriff seized certain corn, cotton-seed, baled cotton and seed-cotton gathered and ungathered, the whole appraised on the sheriff's return at $2955.

Under the writ of attachment he seized the same property above mentioned, and also defendant's plantation, estimated by the sheriff in his return to be worth $30,000, besides mules, horses, implements, wagons, etc., attached thereto, appraised at a considerable additional value.

Defendant, desiring to release the property sequestered, applied to and obtained from the clerk of the court, in the judge's absence, an order for its release upon executing two bonds, conditioned according to law, one, for the sequestration, in a sum equal to the appraised value of the property, and the other, for the attachment, in an amount exceeding, by one-half, said value.

The defendant tendered to the sheriff two bonds executed in accordance with the order, but the sheriff, after some consultation with the clerk, refused to comply with the order on the ground that it was illegal, because directing the release of part, instead of the whole, of the property attached.

We have no occasion to consider further this order or the action of the sheriff in relation to it, because the defendant undoubtedly abandoned his rights under it by his subsequent action.

Lallande vs. Crandell.

Instead of standing upon this order, he made a new and independent application to the judge, without any reference to the former proceeding, and obtained from him an order identical in substance with the one which the clerk had granted.

This new order he then presented to the sheriff, who refused to execute it, until he had communicated with the judge. Counsel for plaintiff thereupon telegraphed to the judge informing him of the fact that the order for release of attachment embraced only a part of the property attached, and asking him to order the sheriff to suspend execution of the order until hearing could be had. On receipt of this the judge telegraphed the sheriff to hold the property until further orders.

Then followed a rule by plaintiff to show cause why the order of release should not be revoked and cancelled, and a counter-rule by defendant to show cause why they should not be executed.

These rules were tried together. The judge revoked the former order and rendered a new order permitting the defendant to release the property sequestered on a bond for its value and to release the attachment on a bond for one-half over and above the value of the whole property attached.

The bonding of the sequestration alone would be of no service to the defendant, since it would leave the property still in the grasp of the attachment, and in order to release the latter, he must give a bond for something like $60,000. Although the whole debt claimed by plaintiff is only about $11,000.

The judge bases his ruling upon the ground that under article 259, C. P., there can be no release on bond of part of the property attached, but that the whole must be released or none, and the bond must cover the value of the whole.

The point is a new one in our jurisprudence; for the case of Taylor vs. Penrose, 12 La. 137, on which the judge relies, is not in point. That was a case of sequestration of slaves which had been conditionally sold to several defendants jointly, who had not complied with the conditions, and in which the plaintiff sued for the recovery of the slaves themselves.

One of the defendants alone applied to bond a part of the slaves of his own selection, while the plaintiff offered to bond the whole of them.

The court refused the defendant's and granted the plaintiff's application. On appeal this court affirmed the judgment saying: "the court did not err in refusing to permit the defendant to bond a part only of the slaves; otherwise he might have selected the most effect-

Lallande vs. Crandell.

ive, and left the young and old a burden and expense upon the plaintiff. Moreover, the other defendants, in such case, might have claimed the same right and have split up the contract and increased litigation, by compelling the plaintiff to bring as many suits as there were bonds."

These reasons have no application to the instant case, which is by attachment, which is brought on a moneyed demand, in which the right to the possession or ownership of the property seized is not in question, and in which there is but a single defendant.

The writ of attachment is a conservatory process, the only object of which is to secure the payment of the judgment which the plaintiff may recover. The plaintiff has no right to bond in any case. That privilege is secured to the defendant alone, the object being to enable him to recover the possession of his property, in order that he may use it and save expense and risks of the sheriff's custody; provided he secure the rights of the plaintiff by substituting a proper bond in place of the property released. It is a right which should be highly favored because it mitigates the harshness of the proceeding under which a man's property is wrested from his possession in advance of judgment and while the plaintiff's right is still undetermined, and also because it restores the property to commerce or to use.

We can see no reason why the defendant should not be permitted to release any part of the property attached when he gives a sufficient bond exceeding, by one-half, its value. Such a bond is a sufficient substitute for the property released, while, for any surplus of the judgment, the remaining property is retained in the sheriff's hands. The suggested difficulty of the defendant's substituting, for the property, a multitude of small bonds, is purely imaginary, because motiveless, and in view of the summary proceeding provided for the enforcement of such bonds, could serve no purpose except to mulct the defendant and his sureties in heavier costs.

The hardship of a contrary ruling, especially in such a case as this, is very evident, where, in order to recover control of his crop and to liquidate the claims upon it, the defendant is not only required to furnish two bonds, one for its value and the other for one-half above its value, but in addition to give an enormous bond for the value of a plantation and its appurtenances which he is willing to leave subject to the attachment.

We will not say that there might not be cases in which such a right might be properly denied or restricted, as where the part sought to be released is so essentially connected with the rest that its severance

would greatly impair the valve of the residue.    But this is not such a case.

We therefore think the judge erred in requiring for the release of the property specified in the application, a bond greater than one-half above its value, and shall amend his judgment accordingly.

As to other points: We think the judge had an unquestionable right to suspend the execution of his order, when satisfied that it had been improvidently issued and on receiving information of facts of which he was ignorant when it was granted.

So also, we consider him fully justified in permitting the sheriff to amend his return as to the value of the property seized under the circumstances of this case and in finally fixing the amount of the bonds according to the true value.  When the first estimate was made, a large quantity of the cotton was unginned or ungathered and the estimate of quantity was necessarily guess-work; but, before the trial of these rules, it had been nearly all gathered and ginned and turned out much more than had been estimated.   Of course, in finally fixing the amount of the bond, he rightly did so at the true and ascertained value of the property to be released.

The motion to dismiss the appeal on the ground that such a judgment is not appealable, is untenable under the very authority relied on in this case by plaintiff, viz: Taylor vs. Penrose, 12 La. 137.

That point was not considered in State ex rel. Gerson vs. Judge, 37 Ann., for reasons therein stated.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended by fixing the amount of the bond required of defendant to release the property specified in defendant's application from the attachment at a sum exceeding its value as fixed in the judgment by one-half; and that as thus amended, it be now affirmed, plaintiff and appellee to pay costs of this appeal.