CRUZ, DEMANDANTE Y APELANTE, *v.* IRIARTE, JUEZ MUNICIPAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, de una resolución dictada en procedimiento de *certiorari.*

No. 2385.—Resuelto en julio 28, 1921.

EMBARGO—BIENES MUEBLES—DEPOSITARIO—RESTITUCIÓN DE LA PROPIEDAD AL DEMANDADO—NOTIFICACIÓN DE LA MOCIÓN.—Indiscutiblemente que el juez que ordena la expedición de un mandamiento de embargo está autorizado para nombrar en primer término un depositario de los bienes muebles que han de ser embargados, o en cualquier momento a moción del demandado, pero si después de trabado el embargo y de entregada la propiedad al demandante invoca el demandado la facultad de la corte, dicho demandado deberá notificar al demandante su moción.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. F. Marchán Sicardó y E. Díaz Viera.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En un pleito seguido por Teodosio Cruz contra Alfredo Rivera y Raimundo Salabarría, la corte municipal decretó un embargo y ordenó al secretario que expidiera la orden. La orden librada por el secretario ordenaba al marshal que en el caso de que se embargasen bienes muebles fuesen éstos depositados en poder del demandante, quien, como expresa

la orden, había sido designado con tal fin por la corte a petición del demandante y bajo la responsabilidad del mismo. De conformidad con esta orden fué embargado un *truck* y entregado al demandante.

Los demandados entonces presentaron una moción a la corte solicitando que se ordenara que el *truck* quedara en poder de un tal Santiago Araujo, persona designada por ellos, previa prestación de una fianza por la suma que había de ser fijada por la corte. El demandante no fué notificado de esta moción. La corte entonces ordenó que una vez prestada la fianza por la suma de $200 el *truck* fuese entregado a Araujo. Esta orden no contenía ninguna prevención de no enajenar la propiedad ni tampoco el diligenciamiento del marshal al dorso de la misma muestra que tal prevención se hubiese hecho. La fianza suscrita y jurada ante ·el secretario no acredita su aceptación o aprobación por el juez municipal o por ninguna otra persona en cuanto a su suficiencia o demás requisitos.

La corte de distrito, después de expedir el auto de *certiorari* y al examinar los autos remitidos por la corte municipal, declaró sin lugar la solicitud y el peticionario, que fué el demandante en el pleito original, establece apelación.

Los artículos 5241, 5242 y 5246 de la Compilación de los Estatutos Revisados prescriben lo siguiente:

"Artículo 5241.—El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado, con la prevención de ·que no podrá enajenar los bienes embargados sino en pública subasta, con citación del demandante, quedando el precio consignado a disposición del tribunal, ni enajenar en ningún caso los bienes en que haya recaído la prohibición. La enajenación de dichos bienes realizada. en contravención a lo dispuesto en este artículo se reputará fraudulenta para todos los efectos civiles y penales, y las personas responsables del fraude serán castigadas además como culpables de desacato (desobediencia)."

"Artículo 5242.—La prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán depositando los bienes de que se

trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. Si el demandado **diere fianza** bastante a discreción del tribunal para responder del valor de dichos bienes, se depositarán en su poder, con la prevención y responsabilidades de la sección anterior. El dueño de bienes muebles embargados puede solicitar su enajenación en pública subasta con citación del demandante, a condición de que se consigne en la corte el precio de la venta. Los bienes. fungibles cuyo embargo o prohibición de enajenarlos se haya decretado, se venderán en pública subasta a petición de cualquiera de las partes, consignándose el producto de su venta en la forma dispuesta por la corte.''

''Artículo 5246.—Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación, y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo. Toda resolución del tribunal será ejecutoria desde luego, pudiendo consignarse por la parte perjudicada la oportuna protesta, a los efectos del recurso que la Ley de Procedimientos le conceda contra la sentencia definitiva.''

La corte inferior interpretó el artículo que acabamos de citar en el sentido de referirse a las pretensiones ''en el curso del juicio,'' o después de entrado en el período del juicio en la acción principal. El texto inglés no está sujeto a esa interpretación. La versión española en cambio puede interpretarse en el sentido de que lleva consigo la misma significación que tan inequívocamente determina el texto inglés. Cuando la Legislatura después en el mismo artículo habla de la acción principal lo hace en términos que no dan lugar a duda ya en el texto español o en el inglés.

Los preceptos estatutorios en cuestión son los contenidos en ''Una ley para asegurar la efectividad de sentencias,''

aprobada en marzo 1, 1902. Sea o no interpretado el lenguaje en cuestión en el sentido de que se refiere a la acción principal o a los procedimientos de embargo, no hay referencia específica en uno u otro texto a "después de entrado en el período del juicio" o a alguna otra condición particular de la controversia. En el año 1904 el nuevo Código de Enjuiciamiento Civil fué aprobado el cual prescribe en el artículo 87 que "Las acciones civiles se promoverán ante las cortes de Puerto Rico mediante la interposición de una demanda." Cualquier duda que pudiera haber existido con anterioridad a esa fecha, haciéndose así mucho más indefinida y sea o no la referencia la acción principal, debe darse ahora notificación de cada una de las gestiones hechas en el procedimiento de embargo; pues la expedición de la orden subsidiaria presupone la existencia de un pleito y la acción se encuentra pendiente a partir y después de la radicación de la demanda. No podemos por consiguiente convenir con la conclusión a que llegó la corte sentenciadora.

Es justo agregar que el juez de distrito presenta varias otras razones de menos importancia que no carecen enteramente de méritos, pero que por falta de tiempo no nos comprometemos a considerar ampliamente ni a contestar en detalle. Indiscutiblemente el juez que ordena que se expida la orden tiene la facultad de designar un depositario en primer término, o a moción del demandado en cualquier momento, pero cuando el demandado después de trabado el embargo y de la entrega de la propiedad al demandante invoca la facultad a que hemos hecho referencia deberá notificar al demandante de su moción. Ni se infiere necesariamente de la mera omisión en designar un depositario en la orden en que se decreta la expedición del auto, o del hecho, si lo es, de que el secretario se excedió en sus facultades corrigiendo tal omisión, que tal embargo y entrega son tan enteramente nulos y sin ningún valor *ab initio,* que un demandado quede por ella relevado de su obligación de noti-

ficar la moción para que vuelva a hacérsele entrega, o a un tercero designado por él, de la propiedad embargada. El marshal es el brazo de la corte y la posesión del guardián, empleado o agente a quien pueda hacer él entrega de la propiedad como depositario, después del embargo, es la posesión del marshal. En el presente caso los demandados no impugnaron la regularidad de los procedimientos anteriores a su moción, pero claramente procedieron por virtud de la teoría de que la propiedad estaba legalmente bajo la custodia del demandante, e invocaron la autoridad y discreción conferida a la corte por los términos del artículo 5242, *supra*. Resolver que el demandante no tenía derecho a una notificación de esta moción sería borrar del estatuto el precepto contenido en el texto inglés del artículo 5246. Por otra parte, según ya hemos indicado, resolver que tal notificación es necesaria no quebranta el texto español y armoniza los dos textos por la única base posible que es lo suficientemente amplia para que puedan sostenerse ambos textos.

Somos refractarios a decretar la nulidad de un procedimiento como éste. El derecho de un demandado en este sentido "es un derecho que debe ser muy favorecido porque suaviza la severidad del procedimiento de acuerdo con el cual la propiedad de una persona se le quita de su posesión antes de dictarse sentencia y mientras el derecho del demandante se encuentra aún sin determinar, y también porque restablece la propiedad al comercio o al uso." *Lallande v. Crandell,* 38 La. Ann. 192; 2 R. C. L., página 806, párrafo 6. Pero el precepto del estatuto sobre la notificación de cada una de las diligencias hechas en el procedimiento es imperativo y debe ser observado.

"El remedio debe estar estrictamente comprendido en los límites fijados por la Legislatura y no puede ampliarse por deducción fuera de los términos del estatuto que lo establece. Pero la corte no acelerará la estricta interpretación hasta el punto de anular el fin benefi-

cioso del estatuto y dejar al acreedor desprovisto de remedio.'' 6 C. J. pág. 36, Sección 12, y casos citados.

La sentencia apelada debe revocarse y anularse los procedimientos en la corte municipal desde y después de la fecha de la moción de los demandados para la entrega de la propiedad embargada a un depositario nombrado por ellos.

> *Revocada la sentencia apelada dictándose la que debió haber dictado la Corte de Distrito, y anulados los procedimientos en la Corte Municipal desde y después de la fecha de la moción de los demandados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.